UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JEFF YAHNEY,

                           Plaintiff,           MEMORANDUM OPINION
                                                      AND ORDER

     -against-

TODD YAHNEY,                                          CV 05-1501 (DRH) (ETB)

                           Defendant.
----------------------------------------------------------------------X

      Plaintiff, Jeff Yahney, commenced this action against his brother and former business partner, Todd Yahney, on April 8, 2003 by filing a Summons with Notice in the Supreme Court of the State of New York, County of Nassau. (See Summons with Notice.) The notice advises that "this is an action for tortious interference with contractual relations, unfair competition, unfair trade practices, trademark infringement, violation of an arbitrator's award, permanent injunction enjoining the use of the word "Yahney" . . . ." (Id.) Plaintiff did not serve the Summons with Notice on defendant until January 20, 2005. Plaintiff never served the defendant with a complaint.

I.      BACKGROUND

     A.      Prior Arbitration History

      The history of this action is as follows. On April 17, 2003, the parties signed a stipulation by which they agreed to arbitrate their dispute before retired Judge Edward Resnick ("Resnick" or "arbitrator") under the auspices of Settlement Systems, Inc. ("Settlement Systems"), a provider of mediation and arbitration services. (See Settlement Systems Stipulation, dated April 17, 2003 ("Stipulation").) The stipulation specifies that "the decision of the arbitrator shall be final, binding, and non-appealable." (Id. at ¶ 3.) The parties further agreed that if any disputes arose

1

concerning the enforcement of the arbitrator's award, either before <u>or after</u> the award was rendered, "such disputes shall be subject to arbitration before the arbitrator that rendered the award or, if he is unavailable, another arbitrator selected pursuant to the rules of Settlement Systems Inc." (Id. at Addendum.) (emphasis added). The agreement also provides that "[s]hould any party file a petition to vacate or modify the decision of the arbitrator in a Court of law, such party shall be liable for the attorneys' fees of the other party in opposing such a petition unless the award is vacated or modified." (Id.) A handwritten addendum to the agreement, dated April 30, 2003, further states that the parties "agree that the arbitration will resolve all outstanding issues between the parties including the future use of the names Yahney Entertainment Group and Yahney Entertainment and all issues arising in Jeff Yahney v. Todd Yahney 05415-03 and that the arbitrator may award injunctive relief." (Id. at Handwritten Addendum.)

Resnick rendered his decision on May 18, 2003. (Arbitration Award in the matter of Jeff Yahney v. Todd Yahney ("Arbitration Award") dated May 18, 2003.) Resnick enjoined defendant Todd Yahney from using the name "Yahney Entertainment Group," but ruled that Todd Yahney was permitted to continue using the name "Yahney Entertainment." (Id.) The arbitrator also awarded plaintiff Jeff Yahney the sum of $2,200. (Id.) On May 20, 2003, the award was modified to include Resnick's finding that the website Yahney.com belongs to the plaintiff Jeff Yahney, and that the use of the symbol of the globe also belongs to the plaintiff Jeff Yahney. (Modification of Arbitration Award in the matter of Jeff Yahney v. Todd Yahney, dated May 20, 2003.) Resnick also ordered Todd Yahney to turn over certain items of person property that belonged to plaintiff. (Id.)

Thereafter, beginning in February 2004 and continuing through April 2004, the parties repeatedly accused each other of violating the arbitration award. (See Todd Yahney Affidavit

("Todd Yahney Aff."), dated February 21, 2005, Exs. D-K.) Specifically, Jeff Yahney accuses defendant of continuing to steal clients, of using the plaintiff's business name and logo, and of copying the original content of plaintiff's shows. (Todd Yahney Aff. Ex. D.) Todd Yahney accuses plaintiff of failing to transfer the website 1800saytodd.com to Todd, as the parties had agreed to do. (Todd Yahney Aff. Ex. F, G.)

In a letter to Resnick dated March 29, 2004, plaintiff indicated that he believed the arbitrator no longer had authority to determine any issues in this matter, absent the parties' consent, based on a clause in the arbitration agreement which states that an application can be made to a court of competent jurisdiction to vacate or modify the award. (Todd Yahney Aff, Exs. H, J.) In response, in a statement written sometime in May 2004, concerning the still ongoing dispute over the use of a website, arbitrator Resnick declared:

> The attorney for Jeff Yahney has stated that I no longer have jurisdiction in this matter and may not continue to act as an arbitrator. The agreement signed by the parties clearly gives me the authority to act as an arbitrator in any future dispute and to grant injunctive relief if necessary. Before a date is to be set down for a hearing in this matter the attorney for Jeff Yahney is afforded the opportunity he desires to go into the Supreme Court for a stay of any future arbitration proceeding. If counsel for Jeff Yahney fails to apply for a stay of arbitration within 30 days, a hearing will be set for a day in June convenient to all parties.

(Statement by Resnick, in the matter of arbitration between Jeff Yahney and Todd Yahney, undated.) Jeff Yahney did not apply for a stay of arbitration. By letters to Resnick dated June 7, 2004 and December 15, 2004, Todd Yahney requested that Resnick enforce Jeff Yahney's representation during the arbitration that he would turn over the website in question. (See Todd Yahney Aff. Exs. M, N.)

B.  Commencement of the Action

On January 20, 2005, plaintiff served defendant with a copy of the Summons with Notice, which commenced the action. (Summons with Notice.) The notice advises that "this is an action for tortious interference with contractual relations, unfair competition, unfair trade practices, trademark infringement, violation of an arbitrator's award, [and] permanent injunction enjoining the use of the word "Yahney" . . . ." (Id.) On January 25, 2005, the state court issued an order to show cause directing defendant Todd Yahney to show cause why the court should not restore the case to the court's active calendar for enforcement of the arbitrator's award and to enjoin the defendant from certain conduct plaintiff alleges amounted to unfair competition. A show cause hearing before a state court judge was scheduled for February 7, 2005, although it is unclear from the parties submissions whether this hearing ever occurred.

On February 14, 2005, having never received a copy of the complaint, defendant served a Demand for Complaint on plaintiff. Plaintiff did not comply. However, on or about March 17, 2005, plaintiff served two documents: (1) Affirmation in Further Support of Plaintiff's Motion for a Preliminary Injunction and in Reply to the Affidavit of Todd Yahney and in Opposition to Defendant's Cross-Motion ("Pl.'s Aff."); and (2) Plaintiff's Reply Memorandum of Law ("Pl.'s Mem"). In both of these documents, the plaintiff characterizes certain of his claims as arising under the Lanham Act (15 U.S.C. § 1501 et seq.). Specifically, in plaintiff's affidavit, after describing the specifics of his claims, plaintiff states that defendant's alleged copying is "an attempt to unfairly compete with me under both the Lanham Act, New York State's General Business Law 350 and New York State's Common Law." (Pl.'s Aff. at ¶ 14.) Additionally, in plaintiff's reply memorandum, he alleges that, in addition to having violated state statutes and common law, Todd Yahney's conduct is in violation of ¶ 43(a) of the Lanham Act. (Pl.'s Mem. at

4

2.) Thereafter, he cites federal case law in support of his claims. (Id. at 4, 7.)

      C.      Removal to this Court

On March 23, 2005, Todd Yahney filed a notice of removal in this Court, asserting that this Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, in that plaintiff asserts claims under the Lanham Act, 15 U.S.C. § 1501 et seq. Defendant states that "inasmuch as the case stated by the initial pleading was not removable and on March 18, 2005, Defendant received motion papers from which it may first be ascertained that the case is one which is or has become removable." (Notice of Removal ¶ 5.) Defendant states that federal jurisdiction derives from the Lanham Act claims plaintiff Todd Yahney asserted in his affidavit and memorandum in support of his motion for a preliminary injunction. (Id.)

On March 30, 2005, Todd Yahney also filed a third party complaint against Settlement Systems, alleging, inter alia, that Settlement Systems breached its contract with him. Todd Yahney voluntarily dismissed the third party complaint on August 4, 2005.

On August 3, 2005, I ordered the parties to show cause in writing why this action should not be dismissed or remanded, with or without prejudice, based on the arbitration agreement between the parties. (Order by the undersigned, dated August 3, 2005.) By letter dated August 5, 2005, plaintiff Jeff Yahney argues that this Court should disqualify the arbitrator, Edward Resnick, and stay the action pending arbitration, or, alternatively, this Court should "remand this case to state court so Plaintiff's motion to disqualify Judge Resnick and Settlement Systems can be filed in state court." (Correspondence from Shari M. Savitt to the undersigned ("Jeff Yahney Mem."), dated August 5, 2005, at 1-2.) By letter dated August 5, 2005, defendant Todd Yahney argues that this Court lacks subject matter jurisdiction over the action on the ground that plaintiff is no longer asserting a federal claim, but is instead now seeking to enforce an arbitrator agreement, which is a

contract claim. (Correspondence from Eric Grannis to the undersigned ("Todd Yahney Mem."), dated August 5, 2005, at 1.) Defendant argues that there "is no Federal jurisdiction over an action to compel arbitration of a Federal claim because the substantive right being asserted is the enforcement of a contract." (Id. (citing Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 266-69 (2d Cir. 1996).) Defendant additionally contends that, in any event, his motion for attorney's fees, based on the ground that plaintiff violated the arbitration agreement by bringing the instant action, should be decided prior to remand. (Id. at 3.)

## II. DISCUSSION

### A. Timing for Removal of a Case Commenced by Summons with Notice

The procedure for removal is governed by 28 U.S.C. § 1446. Section (b) of the statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *   *   *   *
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. . .

28 U.S.C. § 1446(b).

Typically in a removal case, federal question jurisdiction is determined from the face of a "well-pleaded complaint." Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 268 (2d Cir.

6

1996). However, in this case, plaintiff commenced the action by filing and serving a Summons with Notice, a practice authorized under C.P.L.R. § 305(b).[1] See Micro-Spy, Inc. v. Marietta Small, 9 A.D.3d 122, 125-26, 778 N.Y.S.2d 86 (N.Y.App. Div. 2d Dep't 2004). Prior to 2001, federal district courts in New York disagreed on whether only a complaint could constitute an initial pleading for purposes of removal under Section 1446(b). Whitaker v. Amer. Telecasting, Inc., 261 F.3d 196, 202 (2d Cir. 2001) (citing cases in which some courts held that a summons with notice constituted the initial pleading, and others held that only the complaint constituted the initial pleading). The Second Circuit Court of Appeals resolved the issue in Whitaker v. Amer. Telecasting, 261 F.3d 196, 204 (2d Cir. 2001).

In Whitaker, the plaintiff commenced the action by filing a summons with notice on December 30, 1998, which he served on defendants on April 29, 1999. Id. at 199. On July 2, 1999 Whitaker served one of the defendants with the complaint, and on July 29, 1999, that defendant filed a notice of removal. Id. Plaintiff moved to remand back to state court, arguing that the defendant failed to file the notice of removal within thirty days of receiving the initial pleading, with the initial pleading being the summons with notice. Id. Defendant argued that under Section 1446(b), the initial pleading is the complaint, and therefore, removal was timely. Id. The court held that "[i]n examining the plain language of section 1446(b), we observe that the statute does not require the receipt of a complaint for triggering the removal period. Rather, Congress simply

---

[1]When a plaintiff opts to serve the summons without the complaint, C.P.L.R. § 3012(b) provides that the defendant may serve a demand for the complaint on plaintiff. If the complaint is not served with the summons, and the defendant does not serve a demand for the complaint, plaintiff must serve the complaint within twenty days of the defendant's notice of appearance. See C.P.L.R. §§ 320(a), 2103(b), 3012(b). Imperiale v. Prezioso, 781 N.Y.S.2d 580, 582, 4 Misc. 3d 716 (Sup. Ct. 2004). After the defendant has demanded the complaint, the plaintiff must serve it within 20 days or face dismissal. C.P.L.R. § 3012(b).

required that, for purposes of starting the thirty day clock, a defendant receive 'the initial pleading setting forth the claim for relief upon which such action or proceeding is based.'" Id. at 203 (citing 28 U.S.C. § 1446(b)). The court concluded that a summons with pleading "may constitute an initial pleading for purposes of the federal removal statute." Id. at 204 (citing Universal Motors Group of Cos., Inc. v. Wilkerson, 674 F. Supp. 1108, 1112 (S.D.N.Y. 1987)). In particular, when the initial pleading (be it the summons with notice or another pleading) "enables the defendant to 'intelligently ascertain' removability" from the face of the document, the summons with notice constitutes the initial pleading for purposes of removal under Section 1446(b). See id. at 205-06 (quoting Richstone v. Chubb Colonial Life Ins., 988 F. Supp. 401, 403 (S.D.N.Y. 1997)). The court went on to state that a "pleading enables a defendant to intelligently ascertain removability when it provides 'the necessary facts to support [the] removal petition.'" Id. (quoting Richstone, 988 F. Supp. at 403).

Here, the summons with notice states that "this is an action for tortious interference with contractual relations, unfair competition, unfair trade practices, trademark infringement, violation of an arbitrator's award . . .". Removability on the basis of federal subject matter jurisdiction cannot be intelligently ascertained from the face of the document, because certain of the claims can arise under state or Federal law, and the summons does not state that federal law claims are asserted. Accordingly, the summons with notice here does not constitute the initial pleading for purposes of triggering the window for removal. See Whitaker, 261 F.3d at 206 (finding that where removability could not be ascertained from the face of the summons with notice but could be undisputedly ascertained from the face of the complaint).

Unlike the facts in Whitaker, the plaintiff here has not served a complaint. However, on or about March 17, 2005, plaintiff filed and served an affidavit and a memorandum in support of his

8

injunction motion, both of which make reference to claims arising under the Lanham Act (15 U.S.C. § 1501 et seq.). In reliance on plaintiff's invocation of the Lanham Act in these documents, on March 23, 2005, defendant filed his notice of removal based on federal subject matter jurisdiction. Because there is no dispute that removability could not be ascertained from the face of the summons with notice, but could be ascertained from the plaintiff's later-served affidavit and supporting memorandum, the affidavit and supporting memorandum constitute the "other paper" which provides the basis for removal here, under Section 1446(b). See Whitaker, 261 F.3d at 206. Defendant's receipt of the affidavit and memorandum triggered the thirty day removal period, and because defendant filed his notice of removal within thirty days of receipt, defendant's removal is timely under Section 1446(b).

  B. Federal Subject Matter Jurisdiction

The timeliness of defendant's removal does not end the inquiry. Plaintiff raises the Lanham Act in his affidavit and memorandum, however, plaintiff also appears to be seeking court enforcement of the arbitration award. (See letter from Shari Markowitz Savitt to the undersigned, dated August 5, 2005, at 1-2.) Defendant's counsel asserts that plaintiff is "no longer asserting a Federal claim," and is instead seeking to enforce a contract, i.e., the arbitration agreement. (Letter from Eric Grannis to the undersigned, dated August 5, 2005, at 1.) Although plaintiff's counsel does not dispute this characterization by defendant, there is nothing in the record to show that plaintiff has withdrawn his federal trademark claim, and the Lanham Act claim remains therefore before the Court.

The defendant aptly points out that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., does not confer subject matter jurisdiction upon this court. Perpetual Securities, Inc. v. Tang, 290 F.3d 132, 140 (2d Cir. 2005); Westmoreland Capital Corp. v. Findlay, 100 F.3d 263, 267 (2d

9

Cir. 1996). The FAA "does not confer federal question jurisdiction 'where the claim of federal jurisdiction is not based on the petition itself, but rather on the federal character of the underlying dispute [in arbitration].'" Id. (quoting Drexel Burnham Lambert, Inc. v. Valenzuela Bock, 696 F. Supp. 957, 965 (S.D.N.Y. 1988)). In other words, "[s]imply raising federal-law claims in the underlying arbitration is insufficient to supply [the] 'independent basis'" for federal jurisdiction. Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 26 (2d Cir. 2000). The rationale behind this principle, stated in Greenberg v. Bear, Stearns & Co., is an apt one:

> [In cases under the FAA], there is no necessary link between the requested relief and the character of the underlying dispute. For example, a petition to compel arbitration because the dispute falls within the scope of an arbitration clause, or to vacate an award because the arbitrators exceed their power under that clause, will turn on the interpretation of the clause, regardless of whether the actual dispute implicates any federal laws. Accordingly, the fact that the arbitration concerns issues of federal law does not, standing alone, confer subject matter jurisdiction on a federal district court to review the arbitral award.

Id. at 26.

Here, the dispute appears to primarily concern the parties' alleged failure to completely abide by the terms of the arbitration award and the alleged wrongful conduct as described in the summons which claims the parties agreed to arbitrate. If the sole claims to be litigated in this Court are enforcement of the arbitrator's award, recusal of the arbitrator, or attorneys' fees, it is doubtful that these are a proper predicate of federal subject matter jurisdiction.

However, the position of the parties is unclear. Part of the problem is that the plaintiff has failed to file a complaint in this action. Secondly, since the issue concerning arbitration was raised sua sponte by the Court, it is unclear whether any party is seeking to compel arbitration or

10

any party is seeking court enforcement of the arbitration award at this time. This is made even more confusing since plaintiff has changed counsel in this Court and appears to have also changed his strategy– now seeking to arbitrate as the parties had originally agreed. The defendant appears to have always been willing to arbitrate.

For the foregoing reasons, and in an effort to clarify the present status of this action, in the event that the plaintiff does not seek to arbitrate this action, plaintiff shall file a complaint in this action within five (5) days. In the event that plaintiff seeks to arbitrate this action, he shall so advise. The defendant shall file an Answer or a Rule 12 motion, or a letter motion to compel arbitration, within ten (10) days from receipt of the complaint. The parties shall appear before the undersigned for a conference on November 17, 2005, at 2:00 p.m.

SO ORDERED.

Dated: Central Islip, New York
October 25, 2005

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge